UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
MARTINE VIRGILE, EMMANUEL VIRGILE, FABIENNE TOUSSAINT, S.L., a minor, by his mother and natural guardian, MARTINE VIRGILE,

                                      Plaintiffs,

-against-

THE CITY OF NEW YORK, POLICE OFFICER JOHN DOE, and POLICE OFFICER JOHN DOES # 1-10,

                                      Defendants.
-------------------------------------------------------------------X

**COMPLAINT**

Case No.: 1:23-cv-09482

**JURY TRIAL DEMANDED**

        Plaintiffs, MARTINE VIRGILE, EMMANUEL VIRGILE, FABIENNE TOUSSAINT, S.L., a minor, by his mother and natural guardian, MARTINE VIRGILE (collectively referred to as the "Plaintiffs"), by their attorneys, LANGONE & ASSOCIATES PLLC, complaining of Defendants, THE CITY OF NEW YORK, POLICE OFFICER JOHN DOE, and POLICE OFFICER JOHN DOES # 1-10, allege as follows:

**NATURE OF ACTION**

        1.     This is an action at law to redress the deprivation of rights secured to the Plaintiffs under color of statute, ordinance, regulation, custom, and to redress the deprivation of rights, privileges, and immunities secured to the Plaintiff by the Fourteenth Amendment to the Constitution of the United States, and by Title 42 U.S.C. §§ 1983 and 1988, and further arising under the law and statutes of the State of New York.

**JURISDICTION**

        2.     The jurisdiction of this Court is invoked under 28 U.S.C. § 1343(3), this being an action authorized by law to redress the deprivation of rights secured under color of state law, statute,

ordinance, regulation, custom and usage of a right, privilege and immunity secured to the Plaintiff by the Fourth, Fifth, and Fourteenth Amendments to the Constitution of the United States. Jurisdiction of this Court exists pursuant to 42 U.S.C. §§ 1983 and 1988 and under the Fourteenth Amendment of the United States Constitution.

3. All causes of action not relying exclusively on the aforementioned federal causes of action as a basis of this Court's jurisdiction are based on the Court's supplemental jurisdiction pursuant to 28 U.S.C. § 1367 to hear state law causes of action. The events, parties, transactions, and injuries that form the basis of Plaintiff's federal claims are identical to the events, parties, transactions, and injuries that form the basis of Plaintiff's claims under applicable State law.

4. As the deprivation of rights complained of herein occurred within the Eastern District of New York, venue is proper in this district pursuant to 28 U.S.C. § 1391 (b) and (c).

## SATISFACTION OF PROCEDURAL PREREQUISITES FOR SUIT

5. On or about February 7, 2023, Plaintiffs filed a petition to serve a late notice of claim in the Supreme Court of the State of New York, County of Kings. By decision and order dated September 28, 2023, the Hon. Patria Frias-Colon granted Plaintiff's application to serve the notice of claim that was attached to the petition *nunc pro tunc*. On or about October 27, 2023, Plaintiffs served the City with Notice of Entry of Judge Frias-Colon's decision and order.

6. Plaintiffs have not been noticed for a General Municipal Law § 50-h hearing.

7. That this action is brought within one (1) year and ninety (90) days from the date that the state law claims accrued.

8. Plaintiff has complied with all conditions precedent applicable to the instant action.

## PARTIES

9. Plaintiffs reside in Brooklyn, New York and are residents of the State of New York.

10. On September 30, 2022, infant-Plaintiff, S.L., was under the age of fourteen years old, having been born on December 10, 2009.

11. At all times hereinafter mentioned, Defendant, THE CITY OF NEW YORK (hereinafter "City"), was and still is a municipal corporation organized and duly existing under and pursuant to the laws of the State of New York.

12. At all times hereinafter mentioned, Defendant, City, maintained a Police Department, the employees of which act as its agents in the area of law enforcement.

13. At all times hereinafter mentioned, Defendant, POLICE OFFICER JOHN DOE (hereinafter "Police Officer John Doe"), was a police officer with the New York City Police Department (hereinafter "NYPD") and acting within the scope of his employment and under color of state law.

14. At all times hereinafter mentioned, Police Officer John Doe is sued individually and in his official capacity.

15. At all times hereinafter mentioned, Defendants, POLICE OFFICERS JOHN DOES #1-10 ("Police Officer John Does #1-10), were police officers with the NYPD, and acting within the scope of their employment and under color of state law.

16. At all times hereinafter mentioned, Defendants, Police Officers John Does #1-10 are sued individually and in their official capacities.

**FACTUAL ALLEGATIONS COMMON TO ALL CAUSES OF ACTION**

17. Plaintiffs Emmanuel Virgile and Martine Virgile are husband and wife. Martine Virgile is the mother of Plaintiffs Fabienne Toussaint and S.L. Plaintiffs Fabienne Toussaint and S.L. are brother and sister.

18. On or about September 30, 2022, Plaintiffs lived together at 1046 Thomas S. Boyland Street, Apartment 2F, Brooklyn, New York 11212.

19. On or about September 30, 2022, at approximately 5:45 a.m., at 1046 Thomas S. Boyland Street, Apartment 2F, Brooklyn, NY 11212, members of the NYPD, as well as members of the U.S. Marshals Service ("U.S. Marshals"), started banging on Plaintiff's front door. They yelled out that they were looking for a specific individual and provided a name. At no time did the person that the members of the NYPD and U.S. Marshals Service were looking for ever live, stay or visit Plaintiffs' apartment. Plaintiffs were provided with a picture of the individual they were looking for and Plaintiffs did not recognize that person.

20. Members of the NYPD and U.S. Marshals then unlawfully entered the apartment by forcing their way inside with guns drawn. At no time did Plaintiffs give the NYPD officers or U.S. Marshals consent to enter their home. At no time did the NYPD officers or U.S. Marshals produce an arrest or search warrant authorizing them to enter Plaintiffs' apartment without consent.

21. Upon information belief, no exigent circumstances or other legal justifications existed that allowed the members of the NYPD and/or U.S. Marshals to enter the Plaintiffs' apartment without consent or a valid warrant.

22. Upon information and belief, members of the NYPD and U.S. Marshals did not have a valid arrest or search warrant allowing them to enter Plaintiff's apartment without consent.

23. Upon entering the apartment, members of the NYPD and U.S. Marshals unlawfully detained and searched Plaintiffs. Members of the NYPD and U.S. Marshals prevented Plaintiffs from moving around their apartment freely.

24. Upon information and belief, members of the NYPD or U.S. Marshals pointed a gun at infant-Plaintiff S.L.'s head. Infant-Plaintiff S.L. did not consent to this unlawful or threat

of offensive contact and members of the NYPD or U.S. Marshals were not privileged in pointing their firearms at infant-Plaintiff S.L. Infant-Plaintiff S.L. was placed in reasonable apprehension of bodily harm or threat offensive contact by the unlawful assault and battery.

25. Upon information and belief, members of the NYPD or U.S. Marshals grabbed Plaintiff Fabienne Toussaint, opened her bathrobe, and unlawfully frisked and searched her while she was nude. Plaintiff Fabienne Toussaint did not consent to the unlawful touching and the unlawful touching was done without privilege or legal authority. Plaintiff Fabienne Toussaint was placed in reasonable apprehension of bodily harm or offensive contact by the unlawful assault and battery.

26. Upon information and belief, members of the NYPD and U.S. Marshals searched Plaintiff's entire apartment, but, of course, nothing was found. The individual that the NYPD and U.S. Marshals were allegedly looking for was not found. Members of the NYPD and U.S. Marshals then left with no arrests made.

27. When members of the NYPD and U.S. Marshals forced their way inside the apartment, they broke Plaintiffs' front door. Plaintiffs, as well as Plaintiffs' landlord, were required to pay a service to fix the door. However, to this day, the door still does not work properly.

28. Upon information and belief, members of the NYPD or U.S. Marshals did not conduct a proper investigation prior to unlawfully entering Plaintiffs' apartment.

29. As a direct and proximate cause of this incident, Plaintiffs have sustained damages personal injuries, violation of civil rights, negligent and intentional infliction of emotional distress, mental anguish, mental pain and suffering, violation of civil rights, loss of freedom, loss of liberty, extreme mental stress, psychological damages, emotional damages, fear, humiliation, and embarrassment.

## AS AND FOR A FIRST CAUSE OF ACTION
## FOR FALSE IMPRISONMENT PURSUANT TO NEW YORK STATE LAW

30. Plaintiffs repeat and reallege each and every allegation set forth in the preceding paragraphs as if fully set forth at length herein.

31. Plaintiffs were falsely imprisoned by defendant City, through its police officers.

32. Defendant City, through its police officers, wrongfully detained and imprisoned Plaintiffs without a warrant.

33. Plaintiffs were conscious of their confinement.

34. At the time of the false imprisonment, Plaintiffs had not committed any illegal acts or attempted to commit any crime.

35. At the time of the false imprisonment, Plaintiffs had not given defendants reasonable suspicion or probable cause to believe that they had committed any illegal acts.

36. At the time of Plaintiffs' false imprisonment, defendants knew or should have known, through the exercise of proper police procedure and reasonable investigation, that the imprisonment was false and without justification.

37. As a result of the Plaintiffs' false imprisonment, Plaintiffs were caused to suffer personal injuries, violation of civil rights, emotional distress, anguish, anxiety, fear, and humiliation, among other injuries.

## AS AND FOR A SECOND CAUSE OF ACTION
## FOR TRESPASS PURSUANT TO NEW YORK STATE LAW

38. Plaintiffs repeat and reallege each and every allegation set forth in the preceding paragraphs as if fully set forth at length herein.

39. Defendant City, through its police officers, unlawfully and intentionally entered Plaintiffs' apartment without consent.

40. Defendants did not have any legal justification for entering Plaintiffs' apartment.

41. As a result of the Defendants' unlawful entry into Plaintiffs' apartment, Plaintiffs were caused to suffer personal injuries, violation of civil rights, emotional distress, anguish, anxiety, fear, and humiliation, damage to Plaintiffs' front door, among other injuries.

### AS AND FOR A THIRD CAUSE OF ACTION
### FOR ASSAULT AND BATTERY PURSUANT TO NEW YORK STATE LAW

42. Plaintiff repeats and realleges each and every allegation set forth in the preceding paragraphs as if fully set forth at length herein.

43. Plaintiffs were assaulted and battered by Defendant City, through its police officers.

44. The aforementioned actions of Defendants were willful, and wanton and Defendants acted with reckless disregard for the consequences of their actions.

45. That as a result of said assault and battery, Plaintiffs were caused to suffer personal injuries, violation of civil rights, emotional distress, anguish, anxiety, fear, and humiliation, damage to Plaintiffs' front door, among other injuries.

### AS AND FOR A FOURTH CAUSE OF ACTION
### FOR NEGLIGENCE PURSUANT TO NEW YORK STATE LAW

46. Plaintiff repeats and realleges each and every allegation set forth in the preceding paragraphs as if fully set forth at length herein.

47. Defendant, City, through its agents, servants and/or employees, including, but not limited to, Police Officer John Doe and Police Officers John Does #1-10, negligently performed its police duties and failed to use that degree of care as reasonably prudent police officers would have under similar circumstances.

48. As a result of Defendants' negligence, Plaintiff was caused to suffer personal injuries, violation of civil rights, emotional distress, anguish, anxiety, fear, and humiliation, among other injuries.

## AS AND FOR A FIFTH CAUSE OF ACTION
## FOR NEGLIGENT HIRING, TRAINING AND RETENTION

49. Plaintiff repeats and realleges each and every allegation set forth in the preceding paragraphs as if fully set forth at length herein.

50. Defendant City owed a duty of care to Plaintiffs to prevent the constitutional violations and/or negligence and/or severe emotional distress sustained by Plaintiffs.

51. Upon information and belief, Defendants Police Officer John Doe and Police Officers John Does #1-10 were unfit and incompetent in their positions. Defendant City knew or should have known through exercise of reasonable diligence that the individual defendants could potentially cause harm.

52. Defendant City's negligence in hiring, screening, training, disciplining and retaining the individual defendants proximately caused Plaintiffs' injuries.

53. As a result of its negligent conduct, Defendant City has directly and proximately caused the damages and injuries alleged.

## AS AND FOR A SIXTH CAUSE OF ACTION
## FOR INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
## PURSUANT TO NEW YORK LAW

54. Plaintiffs repeat and reallege each and every allegation set forth in the preceding paragraphs as if fully set forth at length herein.

55. The Defendant, City, including, but not limited to Defendants Police Officer John Doe and Police Officers John Does #1-10, acted intentionally, recklessly and with utter disregard

- 9 -

to the consequences of their actions and caused severe emotional distress to the Plaintiffs through their actions.

56. Said actions exceeded all reasonable bounds of decency, were outrageous and extreme and resulted in severe emotional distress to the Plaintiffs.

57. As a result of Defendants' intentional infliction of emotional distress, Plaintiffs were caused to suffer personal injuries, violation of civil rights, emotional distress, anguish, anxiety, fear, and humiliation, among other injuries.

**AS AND FOR A SEVENTH CAUSE OF ACTION
FOR NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS**

58. Plaintiffs repeat and reallege each and every allegation set forth in the preceding paragraphs as if fully set forth at length herein.

59. The Defendant, City, including, but not limited to Defendants Police Officer John Doe and Police Officers John Does #1-10, unreasonably exposed Plaintiffs to physical harm.

60. Plaintiffs witnessed the serious injuries of each other, which called Plaintiffs to suffer emotional harm.

61. Defendants' conduct was a substantial factor in causing the injuries to Plaintiffs.

62. As a result of Defendants' negligent infliction of emotional distress, Plaintiff was caused to suffer personal injuries, violation of civil rights, emotional distress, anguish, anxiety, fear, and humiliation, among other injuries.

**AS AND FOR AN EIGHTH CAUSE OF ACTION
FOR RESPONDEAT SUPERIOR**

63. Plaintiff repeats and realleges each and every allegation set forth in the preceding paragraphs as if fully set forth at length herein.

64. Defendant, City, employed Defendants Police Officer John Doe and Defendant Police Officers John Does #1-10 at the time of the incident.

65. At the time of the incident, Defendants Police Officer John Doe and Defendant Police Officers John Does #1-10 were acting within the scope of their employment with the City of New York.

66. During the commission of the incident(s) in question, Defendants Police Officer John Doe and Defendant Police Officers John Does #1-10 were working in furtherance of their employment with the City of New York.

67. Under the doctrine of *respondeat superior*, Defendant City is responsible for the wrongdoing of its employees acting within the scope of their employment.

68. The Plaintiff is entitled to compensatory damages from the Defendant City in an amount to be determined at trial, together with attorneys' fees and costs.

69. As a direct and proximate cause of the acts of Defendants Police Officer John Doe and Defendant Police Officers John Does #1-10 detailed above, Plaintiff sustained the damages and injuries hereinbefore alleged.

## AS AND FOR A NINTH CAUSE OF ACTION
## FOR LOSS OF CONSORTIUM

70. Plaintiff repeats and realleges each and every allegation set forth in the preceding paragraphs as if fully set forth at length herein.

71. Plaintiff Martine Virgile is the mother and guardian of infant-Plaintiff S.L., who at the time of the above-mentioned incident was an infant and was entitled to and did receive the services of said infant.

72. That by reason of the aforesaid, Plaintiff Martine Virgile has been deprived of the services, society, and companionship of infant-Plaintiff S.L. and has been compelled to render

services, spend money and incur obligations for his treatment; taking time to take him to therapy sessions.

73. Plaintiffs Emmanuel Virgile and Martine Virgile are husband and wife, who at the time of the above-mentioned incident were married and were entitled and did receive services of each other.

74. That by reason of the aforesaid, Plaintiffs Marine Virgile and Emmanuel Virgile have been deprived of the services, society and companionship of each other.

75. As a result of the foregoing, Plaintiffs Martine Virgile and Emmanuel Virgile, demand judgment against defendants.

### AS AND FOR AN TENTH CAUSE OF ACTION
### FOR A VIOLATION OF PLAINTIFF'S CONSTITUTIONAL RIGHTS
### PURSUANT TO 42 U.S.C. § 1983

76. Plaintiff repeats and realleges each and every allegation set forth in the preceding paragraphs as if fully set forth at length herein.

77. The aforementioned unreasonable search and seizure, false imprisonment, illegal search and strip search, unlawful entry/trespass, assault and battery were designed to and did cause specific psychological harm, pain and suffering to plaintiff in violation of plaintiff's Constitutional rights as guaranteed under 42 U.S.C. § 1983 and set forth in the United States Constitution, Amendments Four and Fourteenth, and the Constitution of the State of New York.

78. Defendant Police Officer John Doe violated plaintiffs' civil rights by unlawfully entering Plaintiff's apartment in violation of 42 U.S.C. § 1983, the Fourth Amendment to U.S. Constitution and the Constitution of the State of New York.

79. Defendant Police Officers John Does #1-10 violated Plaintiffs' civil rights by unlawfully entering Plaintiff's apartment in violation of 42 U.S.C. § 1983, the Fourth Amendment to U.S. Constitution and the Constitution of the State of New York.

80. Defendant Police Officer John Doe violated plaintiffs' civil rights by unreasonably searching and seizing Plaintiffs in violation of 42 U.S.C. § 1983, the Fourth Amendment to U.S. Constitution and the Constitution of the State of New York.

81. Defendant Police Officers John Does #1-10 violated Plaintiffs' civil rights by unreasonably searching and seizing Plaintiffs in violation of 42 U.S.C. § 1983, the Fourth Amendment to U.S. Constitution and the Constitution of the State of New York.

82. Defendant Police Officer John Doe violated Plaintiffs' civil rights by falsely imprisoning Plaintiffs in violation of 42 U.S.C. § 1983, the Fourth Amendment to U.S. Constitution and the Constitution of the State of New York.

83. Defendant Police Officers John Does #1-10 violated Plaintiffs' civil rights by falsely imprisoning in violation of 42 U.S.C. § 1983, the Fourth Amendment to U.S. Constitution and the Constitution of the State of New York.

84. Defendant Police Officer John Doe violated Plaintiffs' civil rights by subjecting them to an illegal search and seizure in violation of 42 U.S.C. § 1983, the Fourth Amendment to U.S. Constitution and the Constitution of the State of New York.

85. Defendant Police Officers John Does #1-10 violated Plaintiffs' civil rights by subjecting them to an illegal search and seizure in violation of 42 U.S.C. § 1983, the Fourth Amendment to U.S. Constitution and the Constitution of the State of New York.

86. Defendant Police Officer John Doe violated Plaintiffs' civil rights by subjecting to excessive force in violation of 42 U.S.C. § 1983, the Fourth Amendment to U.S. Constitution and the Constitution of the State of New York.

87. Defendant Police Officers John Does #1-10 violated Plaintiffs' civil rights by subjecting them to excessive force in violation of 42 U.S.C. § 1983, the Fourth Amendment to U.S. Constitution and the Constitution of the State of New York.

88. Defendant Police Officer John Doe violated plaintiff Fabienne Toussaint's civil rights by subjecting her to an unlawful strip search in violation of 42 U.S.C. § 1983, the Fourth Amendment to U.S. Constitution and the Constitution of the State of New York.

89. Defendant Police Officer John Doe violated plaintiff Fabienne Toussaint's civil rights by subjecting her to an unlawful strip search in violation of 42 U.S.C. § 1983, the Fourth Amendment to U.S. Constitution and the Constitution of the State of New York.

90. The actions of Defendant Police Officer John Doe and/or Defendants Police Officers John Does #1-10, acting in concert and under color of state law, in assaulting, battering, detaining and imprisoning, unlawfully searching, as well as unlawfully entering plaintiffs' apartment, were done intentionally, maliciously, and/or with a reckless disregard for the natural and probable consequence of his acts, were done without lawful justification, and were designed to and did cause specific and serious bodily harm, pain and suffering in violation of Plaintiffs' Constitutional rights as guaranteed under 42 U.S.C. § 1983 and set forth in the United States Constitution, Amendments Four and Fourteen, and the Constitution of the State of New York.

91. The actions taken by Defendant Police Officer John Doe and/or Defendants Police Officers John Does #1-10 were undertaken under color of law and would not have existed but for said Defendants use of their official power.

92. As a result of Defendants' unconstitutional conduct, Plaintiff was caused to suffer personal injuries, violation of civil rights, damage to Plaintiff's front door, emotional distress, anguish, anxiety, fear, and humiliation, among other injuries.

93. In the event that Plaintiffs are successful in the prosecution of the aforesaid claims(s), Plaintiffs shall be a prevailing party within the meaning of 42 U.S.C. § 1988 and will be entitled to the recovery of attorneys' fees form the Defendants.

## JURY DEMAND

94. Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiffs demand a trial by jury in this action.

**WHEREFORE**, Plaintiffs demand judgment against Defendants on all causes of action in the sum to be determined at trial and punitive damages in an amount which exceeds the jurisdictional limits of the Court; interest, costs, disbursements, and punitive damages and attorneys' fees pursuant to 42 U.S.C. § 1988 and any other and further relief this Court deems just, proper, and equitable.

Dated: Garden City, New York
December 27, 2023

LANGONE & ASSOCIATES PLLC
*Attorneys for Plaintiff*

s/Richard M. Langone
RICHARD M. LANGONE, ESQ.
600 Old Country Road, Suite 328
Garden City, NY 11530
Phone: (516) 694-3000
Email: rich@rlangone.com