UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
MARTINE VIRGILE, EMMANUEL VIRGILE, FABIENNE TOUSSAINT, S.L., a minor, by his mother and natural guardian, MARTINE VIRGILE,

                              **Plaintiffs,**

      -against-

THE CITY OF NEW YORK, POLICE OFFICER JOHN DOE, POLICE OFFICER JOHN DOES # 1-10, UNITED STATES OF AMERICA, and DEPUTY MARSHAL JOHN DOES #1-10,

                              **Defendants.**
-------------------------------------------------------------------X

FIRST AMENDED COMPLAINT

Case No.: 1:23-cv-09482

JURY TRIAL DEMANDED

Plaintiffs, MARTINE VIRGILE, EMMANUEL VIRGILE, FABIENNE TOUSSAINT, S.L., a minor, by his mother and natural guardian, MARTINE VIRGILE (collectively referred to as the "Plaintiffs"), by their attorneys, LANGONE & ASSOCIATES PLLC, complaining of Defendants, THE CITY OF NEW YORK, POLICE OFFICER JOHN DOE, and POLICE OFFICER JOHN DOES # 1-10, UNITED STATES OF AMERICA, and DEPUTY MARSHAL JOHN DOES #1-10, allege as follows:

**PRELIMINARY STATEMENT**

    1.    Plaintiffs, Martine Virgile, Emmanuel Virgile, Fabienne Toussaint, and infant, S.L., are a family living together in an apartment located in Brooklyn, New York. Prior to this incident, they believed that their home was a place of safety and security. That belief was shattered when, in the early morning hours of September 30, 2022, members of New York City Police Department ("NYPD") and U.S. Marshals Service ("U.S.Marshals") forced their way into the family's home with automatic rifles drawn. Deputy Marshals opened up Ms. Toussaint's bathrobe and searched her nude body and pointed an automatic rifle at the head of minor, S.L., while their

mother, Martine Virgile, could do nothing but stand there and watch while she was detained in her own apartment. After searching the apartment for about twenty minutes or more, members of the NYPD and U.S. Marshals left without any explanation and did not provide the family with any of their names or identification. Just like that, the members of the NYPD and U.S. Marshals practically vanished without a trace, as if these events were a terrible dream. Except this was not a dream. The actions of the NYPD and U.S. Marshals have caused real and lasting emotional and psychological trauma to the Plaintiffs both individually and as a family.

2. Plaintiffs bring this suit to identify the members of the NYPD and U.S. Marshals that committed these acts, and to hold them, as well as the Defendants City of New York ("City") and the United States of America ("USA"), accountable for their actions and the trauma that they inflicted on Plaintiffs.

## JURISDICTION

3. The jurisdiction of this Court is invoked under the Federal Tort Claims Act ("FTCA"), more particularly, 28 U.S.C. §§ 1346(b), 2401(b), 2671-80. The jurisdiction of this Court is also invoked under 28 U.S.C. § 1343(3), this being an action authorized by law to redress the deprivation of rights secured under color of state law, statute, ordinance, regulation, custom and usage of a right, privilege and immunity secured to the Plaintiffs by the Fourth, Fifth, and Fourteenth Amendments to the Constitution of the United States. Jurisdiction of this Court exists pursuant to 42 U.S.C. §§ 1983 and 1988 and under the Fourteenth Amendment of the United States Constitution. Finally, the jurisdiction of this Court is also invoked by *Bivens v. Six Unknown Named Federal Narcotics Agents*, 403 U.S. 388 (1971) ("*Bivens*") for violations of Plaintiffs' Fourth and Fourteenth Amendments to the Constitution of the United States.

4. All causes of action not relying exclusively on the aforementioned federal causes of action as a basis of this Court's jurisdiction are based on the Court's supplemental jurisdiction pursuant to 28 U.S.C. § 1367 to hear state law causes of action. The events, parties, transactions, and injuries that form the basis of Plaintiffs' federal claims are identical to the events, parties, transactions, and injuries that form the basis of Plaintiffs' claims under applicable State law.

5. As the deprivation of rights complained of herein occurred within the Eastern District of New York, venue is proper in this district pursuant to 28 U.S.C. § 1391 (b) and (c).

## SATISFACTION OF PROCEDURAL PREREQUISITES FOR SUIT

6. On or about February 7, 2023, Plaintiffs filed a petition to serve a late notice of claim in the Supreme Court of the State of New York, County of Kings. By decision and order dated September 28, 2023, the Hon. Patria Frias-Colon granted Plaintiffs' application to serve the notice of claim that was attached to the petition *nunc pro tunc*. On or about October 27, 2023, Plaintiffs served the City with Notice of Entry of Judge Frias-Colon's decision and order.

7. That this action is brought within one (1) year and ninety (90) days from the date that the state law claims accrued.

8. On or about August 24, 2023, Plaintiffs filed an administrative tort claims with the US Marshals. By correspondence dated September 5, 2023, the U.S. Marshals acknowledged receipt of Plaintiffs' administrative tort claims.

9. As more than six (6) months has elapsed since the filing of Plaintiffs' administrative tort claims, and having received no response from the U.S. Marshals, Plaintiffs bring this lawsuit.

10. Plaintiffs have complied with all conditions precedent applicable to the instant action.

## PARTIES

11. Plaintiffs reside in Brooklyn, New York and are residents of the State of New York.

12. On September 30, 2022, minor-Plaintiff, S.L., was under the age of fourteen years old, having been born on December 10, 2009.

13. At all times hereinafter mentioned, Defendant, City, was and still is a municipal corporation organized and duly existing under and pursuant to the laws of the State of New York.

14. At all times hereinafter mentioned, Defendant, City, maintained a Police Department, the employees of which act as its agents in the area of law enforcement.

15. At all times hereinafter mentioned, Defendant, POLICE OFFICER JOHN DOE (hereinafter "Police Officer John Doe"), was a police officer with the New York City Police Department (hereinafter "NYPD") and acting within the scope of his employment and under color of state law.

16. At all times hereinafter mentioned, Police Officer John Doe is sued individually and in his official capacity.

17. At all times hereinafter mentioned, Defendants, POLICE OFFICERS JOHN DOES #1-10 ("Police Officer John Does #1-10), were police officers with the NYPD, and acting within the scope of their employment and under color of state law.

18. At all times hereinafter mentioned, Defendants, Police Officers John Does #1-10 are sued individually and in their official capacities.

19. At all times hereinafter mentioned, Defendant, USA, maintained a US Marshals Service, the employees of which act as its agents in the area of law enforcement.

20. At all times hereinafter mentioned, the U.S. Marshals is an agency of Defendant USA, and that the DEPUTY MARSHAL JOHN DOES #1-10 ("Deputy Marshal John Does #1-10") are employed by the US Marshals and USA.

21. At all times hereinafter mentioned, Deputy Marshal John Does #1-10 were Deputy Marshals with the U.S. Marshals and acting within the scope of their employment and under color of federal law.

22. At all times hereinafter mentioned, Deputy Marshal John Does #1-10 are sued individually and in their official capacities.

## FACTUAL ALLEGATIONS COMMON TO ALL CAUSES OF ACTION

23. Plaintiffs Emmanuel Virgile and Martine Virgile are husband and wife. Martine Virgile is the mother of Plaintiffs Fabienne Toussaint and minor, S.L. Plaintiffs Fabienne Toussaint and S.L. are brother and sister.

24. On or about September 30, 2022, Plaintiffs lived together at 1046 Thomas S. Boyland Street, Apartment 2F, Brooklyn, New York 11212.

25. On or about September 30, 2022, at approximately 5:45 a.m., at 1046 Thomas S. Boyland Street, Apartment 2F, Brooklyn, NY 11212, members of the NYPD, as well as members of the U.S. Marshals, started banging on Plaintiffs' front door. They yelled out that they were looking for someone and shouted a name. At no time did the person that the members of the NYPD and U.S. Marshals Service were looking for ever live, stay or visit Plaintiffs' apartment. Plaintiffs were provided with a photo of the individual, but they did not recognize the person in the photo.

26. Members of the NYPD and U.S. Marshals then unlawfully entered the apartment by forcing their way inside with guns drawn. At no time did Plaintiffs give the NYPD officers or

U.S. Marshals consent to enter their home. At no time did the NYPD officers or U.S. Marshals produce an arrest or search warrant authorizing them to enter Plaintiffs' apartment without consent.

27. Upon information belief, no exigent circumstances or other legal justifications existed that allowed the members of the NYPD and U.S. Marshals to enter the Plaintiffs' apartment without consent or a valid warrant.

28. Upon information and belief, members of the NYPD and U.S. Marshals did not have a valid arrest or search warrant allowing them to enter Plaintiffs' apartment without consent.

29. Upon entering the apartment, members of the NYPD and U.S. Marshals unlawfully detained and searched Plaintiffs. Members of the NYPD and U.S. Marshals prevented Plaintiffs from moving around their apartment freely.

30. Upon information and belief, Deputy Marshal John Doe pointed a gun at minor-S.L.'s head. Minor-S.L. did not consent to this unlawful or threat of offensive contact and the Deputy Marshal John Doe was not privileged in pointing his firearm at minor-S.L. Due to the firearm being pointed at his head, minor-S.L. was placed in reasonable apprehension of bodily harm or threat of offensive contact by the unlawful assault and battery.

31. Upon information and belief, members of the U.S. Marshals grabbed Ms. Toussaint, opened up her bathrobe, and unlawfully frisked and searched her while she was nude. Ms. Toussaint did not consent to the unlawful touching and the unlawful touching was done without privilege or legal authority. Ms. Toussaint was placed in reasonable apprehension of bodily harm or offensive contact by the unlawful assault and battery.

32. Upon information and belief, members of the NYPD and U.S. Marshals searched Plaintiffs' entire apartment, but, of course, nothing was found. The individual that the NYPD and

U.S. Marshals were allegedly looking for was not found. Members of the NYPD and U.S. Marshals left with no arrests made.

33. When members of the NYPD and U.S. Marshals forced their way inside the apartment, they broke Plaintiffs' front door. Plaintiffs, as well as Plaintiffs' landlord, were required to pay a service to fix the door. However, to this day, the door still does not work properly.

34. Upon information and belief, members of the NYPD and U.S. Marshals did not conduct a proper investigation prior to unlawfully entering Plaintiffs' apartment.

35. As a direct and proximate cause of this incident, Plaintiffs have sustained damages personal injuries, violation of civil rights, negligent and intentional infliction of emotional distress, mental anguish, mental pain and suffering, violation of civil rights, loss of freedom, loss of liberty, extreme mental stress, psychological damages, emotional damages, fear, humiliation, and embarrassment.

**AS AND FOR A FIRST CAUSE OF ACTION AGAINST
DEFENDANTS CITY, USA, AND JOHN DOES FOR
FALSE IMPRISONMENT PURSUANT TO STATE LAW AND THE FTCA**

36. Plaintiffs repeat and reallege each and every allegation set forth in the preceding paragraphs as if fully set forth at length herein.

37. Plaintiffs were falsely imprisoned and detained by defendants City and USA, through its police officers and deputy marshals.

38. Defendant City, through its police officers, wrongfully detained and imprisoned Plaintiffs without a warrant.

39. Defendant USA, through its Deputy Marshals, wrongfully detained and imprisoned Plaintiffs without a warrant.

40. Plaintiffs were conscious of their confinement.

41. At the time of the false imprisonment, Plaintiffs had not committed any illegal acts or attempted to commit any crime.

42. At the time of the false imprisonment, Plaintiffs had not given defendants reasonable suspicion or probable cause to believe that they had committed any illegal acts.

43. At the time of Plaintiffs' false imprisonment, defendants knew or should have known, through the exercise of proper police or law enforcement procedure and reasonable investigation, that the imprisonment was false and without justification.

44. As a result of the Plaintiffs' false imprisonment and detainment, Plaintiffs were caused to suffer personal injuries, violation of civil rights, emotional distress, anguish, anxiety, fear, and humiliation, among other injuries.

### AS AND FOR A SECOND CAUSE OF ACTION AGAINST DEFENDANTS CITY, USA, AND JOHN DOES FOR TRESPASS PURSUANT TO STATE LAW AND THE FTCA

45. Plaintiffs repeat and reallege each and every allegation set forth in the preceding paragraphs as if fully set forth at length herein.

46. Defendant City, through its police officers, unlawfully and intentionally entered Plaintiffs' apartment without consent.

47. Defendant USA, through its Deputy Marshals, unlawfully and intentionally entered Plaintiffs' apartment without consent.

48. Defendants did not have any legal justification for entering Plaintiffs' apartment.

49. As a result of the Defendants' unlawful entry into Plaintiffs' apartment, Plaintiffs were caused to suffer personal injuries, violation of civil rights, emotional distress, anguish, anxiety, fear, and humiliation, damage to Plaintiffs' front door, among other injuries.

**AS AND FOR A THIRD CAUSE OF ACTION AGAINST
DEFENDANTS CITY, USA, AND JOHN DOES FOR
ASSAULT AND BATTERY PURSUANT TO STATE LAW AND THE FTCA**

50. Plaintiffs repeat and reallege each and every allegation set forth in the preceding paragraphs as if fully set forth at length herein.

51. Plaintiffs were assaulted and battered by Defendant City, through its police officers.

52. Plaintiffs were assaulted and battered by Defendants USA, through its Deputy Marshals.

53. The aforementioned actions of Defendants were willful, and wanton and Defendants acted with reckless disregard for the consequences of their actions.

54. That as a result of said assault and battery, Plaintiffs were caused to suffer personal injuries, violation of civil rights, emotional distress, anguish, anxiety, fear, and humiliation, damage to Plaintiffs' front door, among other injuries.

**AS AND FOR A FOURTH CAUSE OF ACTION AGAINST
DEFENDANTS CITY, USA, AND JOHN DOES FOR
NEGLIGENCE PURSUANT TO STATE LAW AND THE FTCA**

55. Plaintiffs repeat and reallege each and every allegation set forth in the preceding paragraphs as if fully set forth at length herein.

56. Defendant, City, through its agents, servants and/or employees, including, but not limited to, Police Officer John Doe and Police Officers John Does #1-10, negligently performed its police duties and failed to use that degree of care as reasonably prudent police officers would have under similar circumstances.

57. Defendant, USA, through its agents, servants and/or employees, including, but not limited to, Deputy Marshal John Does #1-10, negligently performed its law enforcement duties

and failed to use that degree of care as reasonably prudent police officers would have under similar circumstances.

58. As a result of Defendants' negligence, Plaintiffs were caused to suffer personal injuries, violation of civil rights, emotional distress, anguish, anxiety, fear, and humiliation, among other injuries.

## AS AND FOR A FIFTH CAUSE OF ACTION AGAINST DEFENDANT CITY FOR NEGLIGENT HIRING, TRAINING AND RETENTION

59. Plaintiffs repeat and reallege each and every allegation set forth in the preceding paragraphs as if fully set forth at length herein.

60. Defendant City owed a duty of care to Plaintiffs to prevent the constitutional violations and/or negligence and/or severe emotional distress sustained by Plaintiffs.

61. Upon information and belief, Defendants Police Officer John Doe and Police Officers John Does #1-10 were unfit and incompetent in their positions. Defendant City knew or should have known through exercise of reasonable diligence that the individual defendants could potentially cause harm.

62. Defendant City's negligence in hiring, screening, training, disciplining and retaining the individual defendants proximately caused Plaintiffs' injuries.

63. As a result of its negligent conduct, Defendant City has directly and proximately caused the damages and injuries alleged.

## AS AND FOR A SIXTH CAUSE OF ACTION AGAINST DEFENDANTS CITY, USA, AND JOHN DOES FOR INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS PURSUANT TO STATE LAW AND THE FTCA

64. Plaintiffs repeat and reallege each and every allegation set forth in the preceding paragraphs as if fully set forth at length herein.

65. The Defendant, City, including, but not limited to Defendants Police Officer John Doe and Police Officers John Does #1-10, acted intentionally, recklessly and with utter disregard to the consequences of their actions and caused severe emotional distress to the Plaintiffs through their actions.

66. The Defendant, USA, including, but not limited to Defendants Deputy Marshal John Does #1-10, acted intentionally, recklessly and with utter disregard to the consequences of their actions and caused severe emotional distress to the Plaintiffs through their actions.

67. Said actions exceeded all reasonable bounds of decency, were outrageous and extreme and resulted in severe emotional distress to the Plaintiffs.

68. As a result of Defendants' intentional infliction of emotional distress, Plaintiffs were caused to suffer personal injuries, violation of civil rights, emotional distress, anguish, anxiety, fear, and humiliation, among other injuries.

**AS AND FOR A SEVENTH CAUSE OF ACTION AGAINST DEFENDANTS CITY, USA, AND JOHN DOES FOR NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS PURSUANT TO STATE LAW AND THE FTCA**

69. Plaintiffs repeat and reallege each and every allegation set forth in the preceding paragraphs as if fully set forth at length herein.

70. The Defendant, City, including, but not limited to Defendants Police Officer John Doe and Police Officers John Does #1-10, unreasonably exposed Plaintiffs to physical harm.

71. The Defendant, USA, including, but not limited to Deputy Marshal John Does #1-10, unreasonably exposed Plaintiffs to physical harm.

72. Plaintiffs witnessed the serious injuries of each other, which called Plaintiffs to suffer emotional harm.

73. Defendants' conduct was a substantial factor in causing the injuries to Plaintiffs.

74. As a result of Defendants' negligent infliction of emotional distress, Plaintiffs were caused to suffer personal injuries, violation of civil rights, emotional distress, anguish, anxiety, fear, and humiliation, among other injuries.

### AS AND FOR AN EIGHTH CAUSE OF ACTION AGAINST DEFENDANTS CITY AND USA FOR *RESPONDEAT SUPERIOR* PURSUANT TO STATE LAW AND THE FTCA

75. Plaintiffs repeat and reallege each and every allegation set forth in the preceding paragraphs as if fully set forth at length herein.

76. Defendant, City, employed Defendants Police Officer John Doe and Defendant Police Officers John Does #1-10 at the time of the incident, who were acting within the scope of their employment with the City of New York.

77. Defendant, USA, employed Deputy Marshal John Does #1-10 at the time of the incident, who were acting within the scope of their employment with the U.S. Marshals and USA.

78. During the commission of the incident(s) in question, Defendants Police Officer John Doe and Defendant Police Officers John Does #1-10 were working in furtherance of their employment with the City of New York.

79. During the commission of the incident(s) in question, Defendants Deputy Marshal John Does #1-10 were working in furtherance of their employment with the U.S. Marshals and USA.

80. Under the doctrine of *respondeat superior*, Defendants City and USA are responsible for the wrongdoing of its employees acting within the scope of their employment.

81. The Plaintiffs are entitled to compensatory damages from the Defendant City and USA in an amount to be determined at trial, together with attorneys' fees and costs.

82. As a direct and proximate cause of the acts of Defendants, Plaintiffs sustained the damages and injuries hereinbefore alleged.

### AS AND FOR A NINETH CAUSE OF ACTION AGAINST DEFENDANTS CITY, USA, AND JOHN DOES FOR LOSS OF CONSORTIUM PURSUANT TO STATE LAW AND THE FTCA

83. Plaintiffs repeat and reallege each and every allegation set forth in the preceding paragraphs as if fully set forth at length herein.

84. Plaintiff Martine Virgile is the mother and guardian of minor-Plaintiff S.L., who at the time of the above-mentioned incident was an infant and was entitled to and did receive the services of said infant.

85. That by reason of the aforesaid, Plaintiff Martine Virgile has been deprived of the services, society, and companionship of minor-Plaintiff S.L. and has been compelled to render services, spend money and incur obligations for his treatment; taking time to take him to therapy sessions.

86. Plaintiffs Emmanuel Virgile and Martine Virgile are husband and wife, who at the time of the above-mentioned incident were married and were entitled and did receive services of each other.

87. That by reason of the aforesaid, Plaintiffs Marine Virgile and Emmanuel Virgile have been deprived of the services, society and companionship of each other.

88. As a result of the foregoing, Plaintiffs Martine Virgile, Emmanuel Virgile, and minor-S.L. demand judgment against defendants.

## AS AND FOR AN TENTH CAUSE OF ACTION
## FOR A VIOLATION OF PLAINTIFFS' CONSTITUTIONAL RIGHTS
## PURSUANT TO 42 U.S.C. § 1983 AND *BIVENS*

89. Plaintiffs repeat and reallege each and every allegation set forth in the preceding paragraphs as if fully set forth at length herein.

90. The aforementioned unreasonable search and seizure, false imprisonment, illegal search and strip search, unlawful entry/trespass, and excessive force were designed to and did cause specific psychological harm, pain and suffering to Plaintiffs in violation of Plaintiffs' Constitutional rights as guaranteed under 42 U.S.C. § 1983, *Bivens*, and set forth in the United States Constitution, Amendments Fourth and Fourteenth, and the Constitution of the State of New York.

91. Defendant Police Officer John Doe violated Plaintiffs' civil rights by unlawfully entering Plaintiff's apartment, detaining Plaintiffs, and preventing Plaintiffs from moving around freely by physically touching Plaintiffs without consent in violation of 42 U.S.C. § 1983, the Fourth and Fourteenth Amendments to the U.S. Constitution and the Constitution of the State of New York.

92. Defendants Police Officers John Does #1-10 violated Plaintiffs' civil rights by unlawfully entering Plaintiff's apartment, detaining plaintiffs, and preventing plaintiffs from moving around freely by physically touching Plaintiffs without consent in violation of 42 U.S.C. § 1983, the Fourth and Fourteenth Amendments to the U.S. Constitution and the Constitution of the State of New York.

93. Defendants Deputy Marshal John Does #1-10 violated Plaintiffs' civil rights by unlawfully entering Plaintiff's apartment, detaining Plaintiffs, and preventing plaintiffs from moving around freely by physically touching Plaintiffs without consent in violation of the Fourth

and Fourteenth Amendments to the U.S. Constitution and the Constitution of the State of New York.

94. Defendant Police Officer John Doe violated Plaintiffs' civil rights by unreasonably searching and seizing Plaintiffs in violation of 42 U.S.C. § 1983, the Fourth and Fourteenth Amendments to the U.S. Constitution and the Constitution of the State of New York.

95. Defendant Police Officers John Does #1-10 violated Plaintiffs' civil rights by unreasonably searching and seizing Plaintiffs in violation of 42 U.S.C. § 1983, the Fourth and Fourteenth Amendments to the U.S. Constitution and the Constitution of the State of New York.

96. Defendants Deputy Marshals John Does #1-10 violated Plaintiffs' civil rights by unreasonably searching and seizing Plaintiffs in violation of the Fourth and Fourteenth Amendments to the U.S. Constitution and the Constitution of the State of New York.

97. Defendant Police Officer John Doe violated Plaintiffs' civil rights by falsely imprisoning and detaining Plaintiffs in violation of 42 U.S.C. § 1983, the Fourth and Fourteenth Amendments to the U.S. Constitution and the Constitution of the State of New York.

98. Defendant Police Officers John Does #1-10 violated Plaintiffs' civil rights by falsely imprisoning and detaining Plaintiffs in violation of 42 U.S.C. § 1983, the Fourth and Fourteenth Amendments to the U.S. Constitution and the Constitution of the State of New York.

99. Defendant Deputy Marshal John Does #1-10 violated Plaintiffs' civil rights by falsely imprisoning and detaining Plaintiffs in violation of the Fourth and Fourteenth Amendments to the U.S. Constitution and the Constitution of the State of New York.

100. Defendant Police Officer John Doe violated Plaintiffs' civil rights by subjecting them to an illegal search and seizure in violation of 42 U.S.C. § 1983, the Fourth and Fourteenth Amendments to the U.S. Constitution and the Constitution of the State of New York.

101. Defendant Police Officers John Does #1-10 violated Plaintiffs' civil rights by subjecting them to an illegal search and seizure in violation of 42 U.S.C. § 1983, the Fourth and Fourteenth Amendments to the U.S. Constitution and the Constitution of the State of New York.

102. Defendants Deputy Marshal Johns Does #1-10 violated Plaintiffs' civil rights by subjecting them to an illegal search and seizure in violation of the Fourth and Fourteenth Amendments to the U.S. Constitution and the Constitution of the State of New York.

103. Defendant Police Officer John Doe violated Plaintiffs' civil rights by subjecting to excessive force in violation of 42 U.S.C. § 1983, the Fourth and Fourteenth Amendments to the U.S. Constitution and the Constitution of the State of New York.

104. Defendant Police Officers John Does #1-10 violated Plaintiffs' civil rights by subjecting them to excessive force in violation of 42 U.S.C. § 1983, the Fourth and Fourteenth Amendments to the U.S. Constitution and the Constitution of the State of New York.

105. Defendants Deputy Marshal John Does #1-10 violated Plaintiffs' civil rights by subjecting them to excessive force in violation of the Fourth and Fourteenth Amendments to the U.S. Constitution and the Constitution of the State of New York.

106. Defendants Deputy Marshal John Does violated Plaintiff Fabienne Toussaint's civil rights by subjecting her to an unlawful strip search in violation of the Fourth and Fourteenth Amendments to the U.S. Constitution and the Constitution of the State of New York.

107. The actions of Defendants Police Officer John Doe, Police Officers John Does #1-10, and Deputy Marshal John Does #1-10 acting in concert and under color of state law, in assaulting, battering, detaining and imprisoning, unlawfully searching, as well as unlawfully entering Plaintiffs' apartment, were done intentionally, maliciously, and/or with a reckless disregard for the natural and probable consequence of his acts, were done without lawful

justification, and were designed to and did cause specific and serious bodily harm, pain and suffering in violation of Plaintiffs' Constitutional rights as guaranteed under 42 U.S.C. § 1983, *Bivens*, and set forth in the United States Constitution, Amendments Four and Fourteen, and the Constitution of the State of New York.

108. The actions taken by Defendant Police Officer John Doe and/or Defendants Police Officers John Does #1-10 were undertaken under color of law and would not have existed but for said Defendants use of their official power.

109. The actions taken by Defendants Deputy Marshal John Does #1-10 were undertaken under color of law and would not have existed but for said Defendants use of their official power.

110. As a result of Defendants' unconstitutional conduct, Plaintiffs were caused to suffer personal injuries, violation of civil rights, damage to Plaintiffs' front door, emotional distress, anguish, anxiety, fear, and humiliation, among other injuries.

111. In the event that Plaintiffs are successful in the prosecution of the aforesaid claims(s), Plaintiffs shall be a prevailing party within the meaning of 42 U.S.C. § 1988 and will be entitled to the recovery of attorneys' fees form the Defendants.

**AS AND FOR AN ELEVENTH CAUSE OF ACTION
AS AGAINST THE CITY OF NEW YORK FOR MUNICIPAL LIABILITY
UNDER 42 U.S.C. § 1983**

112. Plaintiffs repeat and reallege each and every allegation set forth in the preceding paragraphs as if fully set forth at length herein.

113. Defendants Police Officers John Does unlawfully entered, detained, searched, and used excessive force on Plaintiffs without legal justifications notwithstanding their knowledge that said acts would jeopardize the Plaintiffs' liberty, well-being, safety and constitutional rights.

114. The acts complained of were carried out by the individual defendants in their capacities as police officers and officials, and Deputy Marshals with all the actual and/or apparent authority attendant thereto.

115. The individual defendants acted under color of law, in their official capacities, and their acts were performed pursuant tot eh official policy of the City of New York to rely on unverified information from un-identified confidential sources in seeking to apprehend fugitives or individuals subject to arrest or search warrants.

116. The aforementioned policy of the City of New York was the proximate cause of, and moving force behind, the constitutional violations suffered by the Plaintiffs as alleged herein, that deprived Plaintiffs of the following rights, privileges and immunities secured to them by the Constitution of the United States:

   a) The right of the Plaintiffs to be secure in their persons and effects against unreasonable search and seizure under the Fourth and Fourteenth Amendments to the Constitution of the United States.

   b) The right of the Plaintiffs to not be deprived of life, liberty or property without due process of law, and the right to the equal protection of the laws, secured to them by the Fourth, Fifth and Fourteenth Amendments to the Constitution of the United States

   c) The right to be free from unreasonable detention and/or continued detention without probable cause in that the Plaintiffs were detained.

   d) The right to be free from the use of excessive force.

117. As a result of the actions of the individual defendants, the Plaintiffs were deprived of their rights, privileges, and immunities secured by the United States Constitution, in particular,

the Fourth and Fourteenth Amendments, in contravention of 42 U.S.C. § 1983 and the laws of New York State, and New York City without just or legal cause when defendant City, by its employees and/or agents unlawfully arrested and imprisoned the Plaintiffs thereby depriving them of their liberty without due process of law.

118.  The individual defendants were the actual agents of the defendant City and were following the customs, practices, ordinances and/or regulations of the City when they violated the Plaintiffs' constitutional and civil rights, and the City is therefore responsible for their acts, and liable to the Plaintiffs for the damages suffered.

119.  The actual principal/agent relationship between defendant City and the individual defendants were created by the fact that they were employees of the defendant City and the City had the right to, and it did indeed regulate and control activities and conduct of the defendant officers.

## JURY DEMAND

120.  Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiffs demand a trial by jury in this action.

**WHEREFORE**, Plaintiffs demand judgment against Defendants on all causes of action in the sum to be determined at trial and punitive damages in an amount which exceeds the jurisdictional limits of the Court; interest, costs, disbursements, and punitive damages and attorneys' fees pursuant to 42 U.S.C. § 1988 and any other and further relief this Court deems just, proper, and equitable.

[Signature page to follow]

Dated: Garden City, New York
       March 21, 2024

                                      LANGONE & ASSOCIATES PLLC
*Attorneys for Plaintiffs*

s/Richard M. Langone_____
RICHARD M. LANGONE, ESQ.
600 Old Country Road, Suite 328
Garden City, NY 11530
Phone: (516) 694-3000
Email: rich@rlangone.com