UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

------------------------------------------------------------------X

MARTINE VIRGILE, EMMANUEL VIRGILE, FABIENNE TOUSSAINT, S.L., a minor, by his mother and natural guardian, MARTINE VIRGILE,

**Plaintiffs,**

-against-

THE CITY OF NEW YORK and UNITED STATES OF AMERICA,

**Defendants.**

------------------------------------------------------------------X

**PROPOSED SECOND AMENDED COMPLAINT**

Case No.: 1:23-cv-09482

**JURY TRIAL DEMANDED**

Plaintiffs, MARTINE VIRGILE, EMMANUEL VIRGILE, FABIENNE TOUSSAINT, S.L., a minor, by his mother and natural guardian, MARTINE VIRGILE (collectively referred to as the "Plaintiffs"), by their attorneys, LANGONE & ASSOCIATES PLLC, complaining of Defendants, THE CITY OF NEW YORK and UNITED STATES OF AMERICA, allege as follows:

**PRELIMINARY STATEMENT**

1. Plaintiffs, Martine Virgile, Emmanuel Virgile, Fabienne Toussaint, and infant, S.L., are a family living together in an apartment located in Brooklyn, New York. Prior to this incident, they believed that their home was a place of safety and security. That belief was shattered when, in the early morning hours of September 30, 2022, members of the New York/New Jersey Regional Fugitive Task Force ("NY/NJ RFTF") forced their way into the family's home with automatic rifles drawn. Members of the NY/NJ RFTF opened Ms. Toussaint's bathrobe and searched her nude body and pointed an automatic rifle at the head of minor, S.L., while their mother, Martine Virgile, could do nothing but stand there and watch while she was detained in her own

apartment. After searching the apartment for about twenty minutes or more, members of the NY/NJ RFTF left without any explanation and did not provide the family with any of their names or identification. Just like that, the members of the NY/NJ RFTF vanished without a trace, as if these events were a terrible dream. Except this was not a dream. The actions of the members of the NY/NJ RFTF have caused real and lasting emotional and psychological trauma to the Plaintiffs both individually and as a family.

2. Plaintiffs bring this suit to hold the Defendants City of New York ("City") and the United States of America ("USA") accountable for their employees' actions and the trauma that inflicted on Plaintiffs.

**JURISDICTION**

3. The jurisdiction of this Court is invoked under the Federal Tort Claims Act ("FTCA"), more particularly, 28 U.S.C. §§ 1346(b), 2401(b), 2671-80.

4. All causes of action not relying exclusively on the aforementioned federal causes of action as a basis of this Court's jurisdiction are based on the Court's supplemental jurisdiction pursuant to 28 U.S.C. § 1367 to hear state law causes of action. The events, parties, transactions, and injuries that form the basis of Plaintiffs' federal claims are identical to the events, parties, transactions, and injuries that form the basis of Plaintiffs' claims under applicable State law.

5. As the deprivation of rights complained of herein occurred within the Eastern District of New York, venue is proper in this district pursuant to 28 U.S.C. § 1391 (b) and (c).

**SATISFACTION OF PROCEDURAL PREREQUISITES FOR SUIT**

6. On or about February 7, 2023, Plaintiffs filed a petition to serve a late notice of claim in the Supreme Court of the State of New York, County of Kings. By decision and order dated September 28, 2023, the Hon. Patria Frias-Colon granted Plaintiffs' application to serve the

notice of claim that was attached to the petition *nunc pro tunc*. On or about October 27, 2023, Plaintiffs served the City with Notice of Entry of Judge Frias-Colon's decision and order.

7. More than thirty days have elapsed since the service of such notice and that adjustment or payment thereof has been neglected or refused.

8. That this action is brought within one (1) year and ninety (90) days from the date that the state law claims accrued.

9. On or about August 24, 2023, Plaintiffs filed administrative tort claims with the US Marshals. By correspondence dated September 5, 2023, the U.S. Marshals acknowledged receipt of Plaintiffs' administrative tort claims.

10. As more than six (6) months has elapsed since the filing of Plaintiffs' administrative tort claims, and having received no response from the U.S. Marshals, Plaintiffs bring this lawsuit.

11. Plaintiffs have complied with all conditions precedent applicable to the instant action.

## **PARTIES**

12. Plaintiffs reside in Brooklyn, New York and are residents of the State of New York.

13. On September 30, 2022, minor-Plaintiff, S.L., was under the age of fourteen years old, having been born in December 2009.

14. At all times hereinafter mentioned, Defendant, City, was and still is a municipal corporation organized and duly existing under and pursuant to the laws of the State of New York.

15. At all times hereinafter mentioned, Defendant, City, maintained the New York City Police Department, the employees of which act as its agents in the area of law enforcement.

16. At all times hereinafter mentioned, Defendant, City, maintained the New York City Sheriff's Office, the employees of which act as its agents in the area of law of law enforcement.

17. At all times hereinafter mentioned, Defendant, City, maintained the New York City Department of Correction, the employees of which act as its agents in the area of law enforcement.

18. At all times hereinafter mentioned, Defendant, USA, maintained a US Marshals Service ("US Marshals"), the employees of which act as its agents in the area of law enforcement.

19. At all times hereinafter mentioned, the USA, by and through its US Marshals Service, maintained a task force, known as the New York/New Jersey Regional Fugitive Task Force, that operated in Kings County, New York.

20. At all times hereinafter mentioned, employees of the US Marshals operated by the USA were members of the New York/New Jersey Regional Fugitive Task Force.

21. At all times hereinafter mentioned, the members of the New York/New Jersey Regional Fugitive Task Force that entered Plaintiff's apartment on the date of the incident comprised of employees of the US Marshals and employees of the New York City Police Department, New York City Sheriff's Office, and New York City Department of Correction.

22. At all times hereinafter mentioned, the members of the New York/New Jersey Regional Fugitive Task Force were acting within the scope of their employment with the US Marshals.

23. At all times hereinafter mentioned, upon information and belief, the City, by and through its New York City Police Department, New York City Sheriff's Office, and New York City Department of Correction, recommended and assigned members of the New York City Police Department, New York City Sheriff's Office, and New York City Department of Correction to participate in the New York/New Jersey Regional Fugitive Task Force that operated in Kings County, New York.

24. At all times hereinafter mentioned, the members of the New York City Police Department, New York City Sheriff's Office, and New York City Department of Correction that participated in the New York/New Jersey Regional Fugitive Task Force were acting within the scope of their employment with the New York City Police Department, New York City Sheriff's Office, and New York City Department of Correction.

**FACTUAL ALLEGATIONS COMMON TO ALL CAUSES OF ACTION**

25. Plaintiffs Emmanuel Virgile and Martine Virgile are husband and wife. Martine Virgile is the mother of Plaintiffs Fabienne Toussaint and minor, S.L. Plaintiffs Fabienne Toussaint and S.L. are brother and sister.

26. On or about September 30, 2022, Plaintiffs lived together at 1046 Thomas S. Boyland Street, Apartment 2F, Brooklyn, New York 11212.

27. On or about September 30, 2022, at approximately 5:45 a.m., at 1046 Thomas S. Boyland Street, Apartment 2F, Brooklyn, NY 11212, members of the NY/NJ RFTF, started banging on Plaintiffs' front door. They yelled out that they were looking for someone and shouted a name. At no time did the person that the members of the NY/NJ RFTF were looking for ever live, stay or visit Plaintiffs' apartment. Plaintiffs were provided with a photo of the individual, but they did not recognize the person in the photo.

28. Members of the NY/NJ RFTF then unlawfully entered the apartment by forcing their way inside with guns drawn. At no time did Plaintiffs give the members of the NY/NJ RFTF consent to enter their home. At no time did the members of the NY/NJ RFTF produce an arrest or search warrant authorizing them to enter Plaintiffs' apartment without consent.

29. Upon information belief, no exigent circumstances or other legal justifications existed that allowed the members of the NY/NJ RFTF to enter the Plaintiffs' apartment without consent or a valid warrant.

30. Upon information and belief, members of the NY/NJ RFTF did not have a valid arrest or search warrant allowing them to enter Plaintiffs' apartment without consent.

31. Upon entering the apartment, members of the NY/NJ RFTF unlawfully detained and searched Plaintiffs. Members of the NY/NJ RFTF prevented Plaintiffs from moving around their apartment freely.

32. Upon information and belief, a member of the NY/NJ RFTF pointed a gun at minor-S.L.'s head. Minor-S.L. did not consent to this unlawful or threat of offensive contact and the member of the NY/NJ RFTF was not privileged in pointing his firearm at minor-S.L. Due to the firearm being pointed at his head, minor-S.L. was placed in reasonable apprehension of bodily harm or threat of offensive contact by the unlawful assault and battery.

33. Upon information and belief, members of the NY/NJ RFTF grabbed Ms. Toussaint, opened her bathrobe, and unlawfully frisked and searched her while she was nude. Ms. Toussaint did not consent to the unlawful touching and the unlawful touching was done without privilege or legal authority. Ms. Toussaint was placed in reasonable apprehension of bodily harm or offensive contact by the unlawful assault and battery.

34. Upon information and belief, members of the NY/NJ RFTF searched Plaintiffs' entire apartment, but, of course, nothing was found. The individual that the members of the NY/NJ RFTF were allegedly looking for was not found. Members of the NY/NJ RFTF left with no arrests made.

35. When members of the NY/NJ RFTF forced their way inside the apartment, they broke Plaintiffs' front door. Plaintiffs, as well as Plaintiffs' landlord, were required to pay a service to fix the door. However, to this day, the door still does not work properly.

36. Upon information and belief, members of the NY/NJ RFTF did not conduct a proper investigation prior to unlawfully entering Plaintiffs' apartment.

37. As a direct and proximate cause of this incident, Plaintiffs have sustained damages personal injuries, violation of civil rights, negligent and intentional infliction of emotional distress, mental anguish, mental pain and suffering, violation of civil rights, loss of freedom, loss of liberty, extreme mental stress, psychological damages, emotional damages, fear, humiliation, and embarrassment.

**AS AND FOR A FIRST CAUSE OF ACTION AGAINST
DEFENDANTS CITY and USA FOR FALSE IMPRISONMENT
PURSUANT TO STATE LAW AND THE FTCA**

38. Plaintiffs repeat and reallege each and every allegation set forth in the preceding paragraphs as if fully set forth at length herein.

39. Plaintiffs were falsely imprisoned and detained by defendants City and USA, through the members of the NY/NJ RFTF.

40. Defendant City, through its members of the New York City Police Department, New York City Sheriff's Office, and New York City Department of Correction wrongfully detained and imprisoned Plaintiffs without a warrant.

41. Defendant USA, through its members of the NY/NJ RFTF, wrongfully detained and imprisoned Plaintiffs without a warrant.

42. Plaintiffs were conscious of their confinement.

43. Plaintiffs did not consent to the confinement.

44. At the time of the false imprisonment, Plaintiffs had not given defendants reasonable suspicion or probable cause to believe that they had committed any illegal acts.

45. At the time of Plaintiffs' false imprisonment, defendants knew or should have known, through the exercise of proper police or law enforcement procedure and reasonable investigation, that the imprisonment was false and without justification.

46. That the aforesaid action of the members of the NY/NJ RFTF constitute false imprisonment, for which the USA is vicariously liable under the doctrine of *respondeat superior*.

47. That the aforesaid action of the members of the New York City Police Department, New York City Sheriff's Office, and New York City Department of Correction constitute false imprisonment, for which the City is vicariously liable under the doctrine of *respondeat superior*.

48. As a result of the Plaintiffs' false imprisonment and detainment, Plaintiffs were caused to suffer personal injuries, violation of civil rights, emotional distress, anguish, anxiety, fear, and humiliation, among other injuries.

### AS AND FOR A SECOND CAUSE OF ACTION AGAINST DEFENDANTS CITY and USA FOR TRESPASS PURSUANT TO STATE LAW AND THE FTCA

49. Plaintiffs repeat and reallege each and every allegation set forth in the preceding paragraphs as if fully set forth at length herein.

50. Defendant City, through its members of the New York City Police Department, New York City Sheriff's Office, and New York City Department of Correction entered Plaintiffs' apartment without consent.

51. Defendant USA, through its members of the NY/NJ RFTF, unlawfully and intentionally entered Plaintiffs' apartment without consent.

52. That the aforesaid action of the members of the NY/NJ RFTF constitute trespass of Plaintiffs, for which the USA is vicariously liable under the doctrine of *respondeat superior*.

53. That the aforesaid action of the members of the New York City Police Department, New York City Sheriff's Office, and New York City Department of Correction constitute trespass of Plaintiffs, for which the City is vicariously liable under the doctrine of *respondeat superior*.

54. As a result of the Defendants' unlawful entry into Plaintiffs' apartment, Plaintiffs were caused to suffer personal injuries, violation of civil rights, emotional distress, anguish, anxiety, fear, and humiliation, damage to Plaintiffs' front door, among other injuries.

**AS AND FOR A THIRD CAUSE OF ACTION AGAINST
DEFENDANTS CITY and USA FOR ASSAULT AND BATTERY
PURSUANT TO STATE LAW AND THE FTCA**

55. Plaintiffs repeat and reallege each and every allegation set forth in the preceding paragraphs as if fully set forth at length herein.

56. Plaintiffs were assaulted and battered by Defendant City, through its members of the New York City Police Department, New York City Sheriff's Office, and New York City Department of Correction.

57. Plaintiffs were assaulted and battered by Defendant USA, through its members of the NY/NJ RFTF.

58. The aforesaid action of Defendants was willful, and wanton and Defendants acted with reckless disregard for the consequences of their actions.

59. That the aforesaid action of the members of the NY/NJ RFTF constitute assault and battery of Plaintiffs, for which the USA is vicariously liable under the doctrine of *respondeat superior*.

60. That the aforesaid action of the members of the New York City Police Department, New York City Sheriff's Office, and New York City Department of Correction constitute assault and battery of Plaintiffs, for which the City is vicariously liable under the doctrine of *respondeat superior*.

61. That as a result of said assault and battery, Plaintiffs were caused to suffer personal injuries, violation of civil rights, emotional distress, anguish, anxiety, fear, and humiliation, damage to Plaintiffs' front door, among other injuries.

**AS AND FOR A FOURTH CAUSE OF ACTION AGAINST DEFENDANT CITY FOR NEGLIGENT HIRING, TRAINING, RETENTION AND SUPERVISION**

62. Plaintiffs repeat and reallege each and every allegation set forth in the preceding paragraphs as if fully set forth at length herein.

63. Defendant City owed a duty of care to Plaintiffs to prevent the constitutional violations, false imprisonment, assault and battery, trespass, and severe emotional distress sustained by Plaintiffs.

64. Upon information and belief, the members of the New York City Police Department, New York City Sheriff's Office, and New York City Department of Correction, were unfit and incompetent in their positions. Defendant City knew or should have known through exercise of reasonable diligence that the members of the New York City Police Department, New York City Sheriff's Office, and New York City Department of Correction could potentially cause harm.

65. Defendant City's negligence in hiring, screening, training, supervising, disciplining and retaining of the members of the New York City Police Department, New York City Sheriff's Office, and New York City Department of Correction proximately caused Plaintiffs' injuries.

66. As a result of its negligent conduct, Defendant City has directly and proximately caused the damages and injuries alleged.

**AS AND FOR A FIFTH CAUSE OF ACTION AGAINST
DEFENDANT USA FOR INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
PURSUANT TO STATE LAW AND THE FTCA**

67. Plaintiffs repeat and reallege each and every allegation set forth in the preceding paragraphs as if fully set forth at length herein.

68. The Defendant, USA, including, members of the NY/NJ RFTF, acted intentionally, recklessly and with utter disregard to the consequences of their actions and caused severe emotional distress to the Plaintiffs through their actions.

69. Said actions exceeded all reasonable bounds of decency, were outrageous and extreme and resulted in severe emotional distress to the Plaintiffs.

70. As a result of Defendant USA intentional infliction of emotional distress, Plaintiffs were caused to suffer personal injuries, violation of civil rights, emotional distress, anguish, anxiety, fear, and humiliation, among other injuries.

**AS AND FOR A SIXTH CAUSE OF ACTION AGAINST
DEFENDANTS CITY and USA FOR NEGLIGENT INFLICTION OF EMOTIONAL
DISTRESS PURSUANT TO STATE LAW AND THE FTCA**

71. Plaintiffs repeat and reallege each and every allegation set forth in the preceding paragraphs as if fully set forth at length herein.

72. The Defendant, City, by and through its members of the New York City Police Department, New York City Sheriff's Office, and New York City Department of Correction unreasonably exposed Plaintiffs to physical harm.

73. The Defendant, USA, including, by and through its members of the NY/NJ RFTF, unreasonably exposed Plaintiffs to physical harm.

74. Plaintiffs witnessed the serious injuries of each other, which called Plaintiffs to suffer emotional harm.

75. Defendants' conduct was a substantial factor in causing the injuries to Plaintiffs.

76. That the aforesaid action of the members of the NY/NJ RFTF constitute negligent infliction of emotional distress of Plaintiffs, for which the USA is vicariously liable under the doctrine of *respondeat superior*.

77. That the aforesaid action of the members of the New York City Police Department, New York City Sheriff's Office, and New York City Department of Correction constitute negligent infliction of emotional distress of Plaintiffs, for which the City is vicariously liable under the doctrine of *respondeat superior*.

78. As a result of Defendants' negligent infliction of emotional distress, Plaintiffs were caused to suffer personal injuries, violation of civil rights, emotional distress, anguish, anxiety, fear, and humiliation, among other injuries.

**AS AND FOR AN SEVENTH CAUSE OF ACTION AGAINST
DEFENDANTS CITY and USA FOR
LOSS OF CONSORTIUM PURSUANT TO STATE LAW AND THE FTCA**

79. Plaintiffs repeat and reallege each and every allegation set forth in the preceding paragraphs as if fully set forth at length herein.

80. Plaintiff Martine Virgile is the mother and guardian of minor-Plaintiff S.L., who at the time of the above-mentioned incident was an infant and was entitled to and did receive the services of said infant.

81. That by reason of the aforesaid, Plaintiff Martine Virgile has been deprived of the services, society, and companionship of minor-Plaintiff S.L. and has been compelled to render services, spend money and incur obligations for his treatment; taking time to take him to therapy sessions.

82. Plaintiffs Emmanuel Virgile and Martine Virgile are husband and wife, who at the time of the above-mentioned incident were married and were entitled and did receive services of each other.

83. That by reason of the aforesaid, Plaintiffs Marine Virgile and Emmanuel Virgile have been deprived of the services, society and companionship of each other.

84. As a result of the foregoing, Plaintiffs Martine Virgile, Emmanuel Virgile, and minor-S.L. demand judgment against Defendants.

## **JURY DEMAND**

85. Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiffs demand a trial by jury in this action.

**WHEREFORE**, Plaintiffs demand judgment against Defendants on all causes of action in the sum to be determined at trial, interest, costs, and disbursements, and any other and further relief this Court deems just, proper, and equitable.

Dated: November 8, 2024

| | |
|---|---|
| LANGONE & ASSOCIATES PLLC<br>*Attorneys for Plaintiffs* | GUERCIO & GUERCIO, LLP<br>*Attorneys for Plaintiffs* |
| /s/Richard M. Langone<br>RICHARD M. LANGONE, ESQ.<br>600 Old Country Road, Suite 328<br>Garden City, NY 11530<br>Phone: (516) 795-2400<br>Email: rich@rlangone.com | /s/John J. Bradley, Esq.<br>JOHN J. BRADLEY, ESQ.<br>77 Conklin Street<br>Farmingdale, NY 11735<br>Phone: (516) 694-3000<br>Email: jbradley@guerciolaw.com |